Henry BETHA

v.

Leroy MARTIN and Raymond A. Collica.

Civ. A. No. 24405.

United States District Court
E. D. Pennsylvania.

Oct. 27, 1960.

## 134

Norman Shigon, Philadelphia, Pa., for plaintiff.

J. Paul Erwin, Jr., Beechwood & Lovitt, Philadelphia, Pa., for defendants.

EGAN, District Judge.

This is a personal injury suit arising from an automobile accident on May 4, 1956. Jurisdiction is by diversity of citizenship. The complaint was filed April 2, 1958. The defendants served interrogatories on the plaintiff in July 1958. In November 1959, the plaintiff having failed to answer the interrogatories, he was ordered to file answers within 30 days. On February 1, 1960, no answers having been filed, the action was dismissed without prejudice.

The plaintiff now moves to reinstate the action,[1] claiming the protection of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, §§ 501–590, which provides that " * * * any action * * * in which a person in military service is involved, either as plaintiff or defendant, * * * shall, * * * be stayed * * * unless, in the opinion of the court, the ability of plaintiff to prosecute the action * * * is not materially affected by reason of his military service." 50 U.S.C.A.Appendix, § 521. The term "military service" is defined as "Federal service on active duty."

Both parties agree that the plaintiff was on active duty with the Marine Corps from June 9, 1953 to June 8, 1955, and from June 30, 1956 to March 28, 1958. The defendants attached to their answer to the plaintiff's motion certificates of service from the Marine Corps attesting to these two periods of active duty, which certificates are prima facie evidence of such facts. 50 U.S.C.A.Appendix, § 581. At the taking of his deposition, March 3, 1960, the plaintiff produced certificates of service from the Marine Corps attesting to the same periods of active duty (NT 20–21).

At deposition, the plaintiff claimed a further year of active duty to March 1959 and stated that since March 1959 he has been on "active duty in the reserves" (NT 33).

At the argument of this motion, we granted plaintiff's counsel additional time to obtain evidence that the plaintiff had been on active duty at any time since the institution of this suit. By letter of October 11, 1960, counsel informed the court that he has nothing further to offer. Accordingly we will dispose of the motion on the basis of the record before us.

Since the plaintiff is the moving party, the burden of persuasion is on him. He has shown us no competent evidence to support his claim that at the time of the order of February 1, 1960 dismissing the

---

1. The action is apparently barred by the Pennsylvania statute of limitations, 12 P.S. § 34. Under § 205 of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A.Appendix, § 525, the statute was tolled during active duty and so the period of limitation did not expire until Febuary 2, 1960.

action he was entitled to the protection of the Act. Indeed we are convinced by the evidence before us that the plaintiff has not been on active duty since March 28, 1958. The motion will be denied.